UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
ROSARY BERTUZZI,

                         Plaintiff,

      - against-

COPIAGUE UNION FREE SCHOOL DISTRICT,
BOARD OF EDUCATION OF COPIAGUE UNION
FREE SCHOOL DISTRICT, DR. KATHLEEN BANNON,
TODD ANDREWS, and MICHELLE BUDION,
Individually and as Aiders and Abettors,

                       Defendants.
-----------------------------------------------------------------------X
FEUERSTEIN, District Judge:

**FILED**
**CLERK**
7/15/2020 2:59 pm
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**ORDER**
17-CV-4256 (SJF)(AKT)

      Plaintiff Rosary Bertuzzi ("Bertuzzi" or "Plaintiff") commenced this action against Defendants Copiague Union Free School District, Board of Education of Copiague Union Free School District, Dr. Kathleen Bannon ("Bannon"), Todd Andrews ("Andrews") and Michelle Budion ("Budion") (collectively "Defendants") claiming violations of, *inter alia,* the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq.,* the New York States Human Rights Law ("NYSHRL"), N.Y. EXEC. LAW §290, *et seq.*, and asserting constitutional claims pursuant to 42 U.S.C. § 1983. Defendants have moved to dismiss the amended complaint. *See* Motion, Docket Entry ("DE") [30].

      Pending before the Court are the parties' objections to the Report and Recommendation of the Honorable A. Kathleen Tomlinson, United States Magistrate Judge, dated March 9, 2020 (the "Report"), *see* DE [38], recommending, *inter alia,* that (1) the motion to dismiss be denied as to (a) Count I under the ADA for discrimination, failure to accommodate, and retaliation, (b) Counts V and VIII under the NYSHRL for discrimination, failure to accommodate, and retaliation, (c) Count VI under the NYSHRL for aiding and abetting; (2) the ADA and NYSHRL

claims are subject to the time-bars related to (a) ADA claims occurring before January 22, 2016; (b) all NYSHRL claims occurring before October 1, 2014; and (3) the motion to dismiss be granted as to (a) Joseph Agosta, (b) Counts II, III, IV, VII, and X, and (c) the hostile work environment claims in Counts I and V. For the reasons set forth below, Magistrate Judge Tomlinson's Report is adopted as modified.

## I. STANDARD OF REVIEW

Any party may serve and file written objections to a report and recommendation of a magistrate judge within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). The Court is not required, however, to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. *See Thomas v. Arn,* 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2 435 (1985). In addition, general objections or "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke *de novo* review." *Owusu v. New York State Ins.,* 655 F. Supp. 2d 308, 312-13 (S.D.N.Y. 2009) (internal quotation marks, alteration, and citation omitted); *see also Thomas v. City of New York,* Nos. 14-CV-7513, 16-CV-4224, 2019 WL 3491486, at *4 (E.D.N.Y. July 31, 2019) ("[o]bjections seeking to relitigate arguments rejected by the magistrate judge do not constitute proper objections, and, as a result, are subject to clear error review."); *Trivedi v. New York State Unified Court Sys. Office of Court Admin.*, 818 F. Supp. 2d 712, 726 (S.D.N.Y. 2011) ("[W]hen

a party makes only conclusory or general objections . . . the Court will review the Report strictly for clear error. . . Objections to a Report must be specific and clearly aimed at particular findings in the magistrate judge's proposal." (internal quotation marks and citation omitted; alterations in original)), *aff'd sub nom Seck v. Office of Court Admin.*, 582 F. App'x 47 (2d Cir. 2014). Any portion of a report and recommendation to which no specific timely objection is made, or to which only general, conclusory or perfunctory objections are made, is reviewed only for clear error. *Owusu*, 655 F. Supp. 2d at 312-13.

## II. DISCUSSION

### A. Parties' Objections

Plaintiffs object to the Report, *see* Plaintiff's Objections to Report ("Pl. Obj."), DE [45], arguing, *inter alia,* that Magistrate Judge Tomlinson erred in (1) recommending dismissal of the hostile work environment claim because the Report (a) impermissibly assesses issues of fact, (b) ignores "critical and necessary facts" that she was subjected to harassment that was physically threatening, *id.* at 3, and (c) greatly overstates the level of severity or pervasiveness necessary to defeat a motion to dismiss; (2) classifying the events as discrete, completed acts instead of a continuing violation, *id.* at 5-6; (3) determining that Plaintiff failed to adequately allege temporal proximity and/or causality between her request for a reasonable accommodation and threat of legal action and the increase in observations during the 2015-16 school year, *id.* at 10; (4) suggesting that a formal notice of claim is required as to the NYSHRL claims, *id.* at 11; (5) applying the one-year statute of limitations pursuant to N.Y. EDUC. LAW §3813(2-b) to NYSHRL claims, *id.* at 12-13; (6) applying a one-year statute of limitations to the aiding and abetting claim

3

against Budion because (a) she is not an officer of the school district and therefore a three-year statute of limitations period applies and (b) whether she is subject to §3813(2-b) is an issue of fact requiring discovery, *id.* at 13-14; (7) recommending dismissal of her equal protection claim because (a) the Magistrate Judge failed to consider unlawful retaliation as the basis of her claim, *id.* at 15, (b) the ADA claims survived and an equal protection claim is a parallel cause of action to an employment discrimination claim, *id.* at 16, and (c) Plaintiff effectively pleaded comparators, *id* ; (8) dismissing the procedural due process claim (a) despite Defendants' failure to engage in an interactive process as mandated by Federal law, *id.* at 17, (b) for failure to state a plausible adverse employment action despite Defendant Andrews' act of unilaterally and involuntarily placing her on Family Medical Leave Act so she would use her accrued sick time, *id.* at 18, (c) for failing to allege a sufficient property interest as it relates to Defendants' failure to engage in an interactive process despite her property interest as a tenured teacher in New York State, *id.* at 20, and (d) for failing to bring an Article 78 proceeding in state court because this Court has jurisdiction, *id.* at 24-25; (9) recommending dismissal of Plaintiff's hostile work environment claim in light of her plausible claims of constructive discharge, *id.* at 29; (10) dismissing her substantive due process claim by failing to address her allegations that Defendants' failure to accommodate led her to "live in constant fear due to the fact that she had to put herself in great danger on a daily basis," *id.* at 29; (11) dismissing her *Monell* claim in light of her adequately pled constitutional claims, *id.* at 31; and (12) finding that she cannot state a private right of action for violation of her free speech rights because as a public employee, she was expressing her need for accommodation "to enforce the rights of other disabled teachers."

4

*Id.* at 32. Defendants have responded to all of Plaintiff's objections. *See* Defendants' Response to Plaintiff's Objections, DE [47].

Defendants object to the Report, *see* Defendants' Objections ("Defs' Obj."), DE [41], to the extent that it (1) recommends that Plaintiff's NYSHRL claims prior to October 1, 2014 should be time barred, arguing that the date appears to be a typographical error and the Report should be modified to state that the claims prior to July 18, 2016 should be time barred, *id.* at 4; (2) recommends denying the motion to dismiss the aiding and abetting claim against Bannon and Budion as it relies upon time-barred acts, *id.*; (3) found that Plaintiff satisfied the condition precedent of filing a notice of claim as to the NYSHRL claims, *id.* at 5; (4) denied the motion to dismiss any ADA claims occurring after November 17, 2016 as Plaintiff failed to file a separate EEOC charge, , *id.* at 9; and (5) considered time-barred acts when determining that the ADA discrimination claims were plausibly pled. *Id.* at 10. Plaintiff has submitted a response to Defendants' objections. *See* Plaintiff's Responses to Defendants' Objections, DE [46].

**B.   Objections related to ADA Claims**

Plaintiff's objections to the Report's determinations that (1) the employment actions were discrete acts and not subject to the continuing violation exception, and (2) the amended complaint failed to plausibly plead conduct establishing a claim for hostile work environment, consist of restated arguments raised previously in her opposition papers. Having reviewed these recommendations for clear error, and finding none, the objections are overruled. She also claims that, as to the hostile work environment determination, the Report's finding that Plaintiff "alleges episodic acts which were not physically threatening or sufficiently severe or pervasive,"

5

Report at 29, was in error as the Magistrate Judge failed to consider "threats of physical harm Plaintiff encountered daily" that were the *direct result* [of] Defendants' willful failure to accommodate." Pl. Obj. at 3-4 (emphasis supplied). She does not allege that any Defendant took any affirmative act that threatened her with physical harm; rather she apparently suggests that Defendants' failure to accommodate her disability led her to experience fear of physical harm while she performed her work. She provides no case law supporting the notion that such a situation implicates actionable conduct by a defendant. Even assuming, *arguendo,* that her manifested fear is attributable to Defendants such that it may be considered in analyzing a claim for hostile work environment, the Court has reviewed the allegations in the amended complaint cited by Plaintiff and finds no plausible allegations in support of this theory. This objection is also overruled.

Defendants object to the Report's finding that Plaintiff was not required to file an additional EEOC complaint "for acts occurring after November 17, 2016 to the extent such acts are reasonably related" to the EEOC charge filed on that date, arguing that a separate EEOC charge was required for any discrete act of discrimination occurring after November 17, 2016. The objection is overruled. The Report merely indicates that post-filing acts that are reasonably related need not be first presented in a separate charge, but makes no determination at this stage of the proceedings as to which acts will ultimately meet this requirement. *See generally Joseph v. Price Costco,* 100 F. App'x 857, 857-58 (2d Cir. 2004) (recognizing three situations in which a plaintiff may assert a claim "that was not specifically pleaded in his administrative complaint because it is 'reasonably related' to [her] EEOC claims: (1) claims that are within the scope of

6

the EEOC investigation that is likely to grow out of the charge; (2) claims of retaliation for filing the EEOC charge; and (3) further incidents that occur after the filing of the EEOC charge").

## C. Objections related to NYSHRL Claims

### 1. Satisfaction of Condition Precedent

Plaintiff, arguing §3813 of the New York Education Law does not apply to NYSHRL claims, objects to "any recommendation which determines that a formal notice of claim is . . . required." Pl. Obj. at 11. This objection is overruled. The notice requirement of §3813(1) is a condition precedent to commencement of an action for any cause whatever against a school district or board of education. *See Peritz v. Nassau Cnty. Bd. of Coop. Educ Servs.,* No.16-CV-5478, 2019 WL 2410816, at *2 (E.D.N.Y. June 7, 2019); *Nelson v. Mt. Vernon City Sch. Dist.,* No. 15-CV-8276, 2017 WL 1102668, at *3 (S.D.N.Y. Mar. 23, 2017). As the Report found, while claims governed by §3813(1), unlike claims under §3813(2), are not subject to a formal "notice of claim" requirement, the statute clearly requires that prior to suit, a "written verified claim upon which such action or special proceeding is founded was presented to the governing body of said district or school within three months after the accrual of such claim." N.Y. Educ. Law §3813(1).

Defendants object to the Report's finding that a letter purportedly sent by Plaintiff to the District on September 16, 2016 "substantially complied with §3813," Report at 41, in light of the failure of Plaintiff to specifically allege these facts in the Amended Complaint, a failure that the Report acknowledges. *See id.* at 42 (pointing out that "the September 16, 2016 letter is omitted altogether from the Amended Complaint"). In opposition to the motion, Plaintiff simply states

7

that she substantially complied with the notice requirement "by sending a detailed letter to the District providing the underlying factual basis concerning her state and federal discrimination and other claims." Plaintiff's Memorandum of Law in Opposition ("Pl. Opp.") at 16, DE [35]. The letter, submitted by Plaintiff's counsel, was purportedly "a formal and detailed five-page, single spaced letter dated September 16, 2016 detailing the nature of [Plaintiff's] State claims." *Id.* at 17.[1]  As the Court on a motion to dismiss is constrained to viewing the plausible allegations of the complaint, it was error to consider the September 16, 2016 letter and accordingly Defendants' objection is sustained. *See also Nelson,* 2017 WL 1102668, at *3 (noting that "plaintiffs must *plead* compliance with §3813(1)'s requirements" (emphasis supplied)).

Defendants further object to the Report's recommendation regarding Plaintiff's filing of a complaint with the EEOC, arguing that "the mere filing of an EEOC charge does not, without more, satisfy the notice of claim requirement." Defs. Obj. at 6.  In her amended complaint, Plaintiff alleges that she filed a complaint with the EEOC and the New York State Division of Human Rights on November 17, 2016, but attaches only the right-to-sue letter from the EEOC. Am. Compl. ¶13, Ex. 1.  Defendants argue that without examination of the EEOC complaint itself, it is impossible to determine whether that document contains detail sufficient to constitute

---

[1] Plaintiff does not indicate to whom she sent the letter of September 16, 2016, but states that Defendant Bannon, Superintendent of Schools "responded directly to plaintiff's" letter.  Pl. Opp. at 17.  This statement suggests that Plaintiff's letter may have been addressed and sent to Bannon.  If that were the case, the letter would not satisfy §3813(1) as courts have consistently held that service of a notice of claim upon a superintendent does not satisfy § 3813's requirements." *Nelson*, 2017 WL 1102668, at *3.

8

notice to the school district under §3813(1).   The allegations of the complaint suffice to withstand the motion to dismiss and thus Defendants' objections are overruled.   Defendants' concerns regarding the sufficiency of the notice may be addressed on summary judgment.  Assuming for current purposes that the EEOC filing was sufficient, any claim occurring more than 90 days prior (earlier than August 19, 2016), will be time-barred.

    2.   Statute of Limitations

Plaintiff objects to the application of the one-year statute of limitations period set forth in N.Y. EDUC. LAW §3813 (2-b), arguing that it is inapplicable to NYSHRL claims.   This objection is overruled; the Report correctly found that the shorter statute of limitations applies when the suit is commenced pursuant to §3813(1) against, *inter alia,* a school district, board of education, or school officer.

In applying the one-year statute of limitations, the Report concludes that "[i]n light of the fact that Plaintiff commenced the instant action on July 18, 2017, any discriminatory acts arising under the NYSHRL and brought against the District, the Board, Bannon, Andrews or Budion which occurred prior to October 1, 2014 are time-barred."    Report at 46.   Defendants argue that the October 1, 2014 date is a typographical error, object to the Report to that extent, and maintain that the date should have been July 18, 2016.   Plaintiff has not addressed this specific objection.   The Court agrees that the cited date was in error, sustains Defendants' objection, and modifies the Report to the extent that the date October 1, 2014 is replaced by July 18, 2016 wherever it appears.

Plaintiff further objects to application of the one-year statute of limitations to her claims

9

against Budion, arguing that she is not "school officer" and thus the claim against her falls under

§3813(2), resulting in the application of a three-year statute of limitations. A "school officer" is

defined as:

> a clerk, collector, or treasurer of any school district; a trustee; a
> member of a board of education or other body in control of the
> schools by whatever name known . . .; a superintendent of schools;
> a district superintendent; a supervisor of attendance or attendance
> officer; or other elective or appointive officer in a school district
> whose duties generally relate to the administration of affairs
> connected with the public school system.

N.Y. EDUC. LAW §2(13).   The amended complaint identifies Budion as "the District Coordinator

of Foreign Language and English Language Learners."   Am. Compl. ¶¶6, 10; *see also id.* ¶38

(identifying Budion as "her supervisor, District Coordinator of Foreign Language").   Clearly,

this position is not expressly referenced within the statutory definition.   The Report found that

"although not dispositive, where an individual holds a district-wide office, such a finding

militates in favor of a determination that the individual is a 'school officer.'"   Report at 44 n.9.

It relied upon a case in which the court, noting that it was addressing a question of first

impression, found that as a matter of law, "the Mathematics Chairperson is a district-wide office

'whose duties generally relate to the administration of affairs connected with the public school

system.'" *Benedith v. Malverne Union Free Sch. Dist.,* 38 F. Supp. 3d 286, 312 (E.D.N.Y. 2014)

(quoting N.Y. EDUC. LAW §3812(2)).   Unlike the current case, however, the ruling in *Benedith*

came in the context of a motion for summary judgment in which the court found "[u]pon review

of the record" that the defendant was a school officer.   *Id.*   While Budion's job title itself

suggests that her responsibilities extended beyond a single building and covered instruction for

10

multiple subject matters for the District, the title alone, does not address potentially relevant facts such as, *inter alia,* whether the position was appointed or elected, or whether the duties "generally relate to the administration of affairs connected with the public school system." While the facts may ultimately support a finding as a matter of law that Budion was a school officer, such a finding is premature on this motion.  Plaintiff's objection is sustained.

### D.  Objections related to § 1983 Claims

Plaintiff raises various objections to the recommendation that her § 1983 claims alleging violations of constitutional rights to equal protection and due process be dismissed.  The bulk of those arguments were not properly placed before the Magistrate Judge, and introduction of new arguments as objections is not appropriate.[2]  *See Pirog v. Colvin,* No.15-CV-438, 2016 WL 5476006, at *5 (S.D.N.Y. Sept. 28, 2016) (citing cases).

As to the due process claims, Plaintiff's opposition papers, totaling about one and ¼ pages in length, argued only that Defendants' failure to engage in an interactive process "violated both her procedural and substantive due process rights."  Pl. Opp. at 29-30.  In her objections, Plaintiff now faults the Magistrate Judge for failing to anticipate and address arguments she failed to raise.  For example, as to her procedural due process claim, Plaintiff objects that the Report failed to consider Andrews' decision to place her on FMLA leave.  Pl.

---

[2] Plaintiff has not provided any reason for failing to make these arguments previously, nor do the arguments raise an intervening change in the law.  *See, e.g., Wells Fargo N.A., v. Sinnott,* No. 2:07-CV-169, 2010 WL 297830, at *2 (D. Vermont Jan. 19, 2010) (suggesting factors for deciding whether to address legal argument raised for the first time in objections).

11

Obj. at 19. Similarly, she faults the Report for failing to recognize a substantive due process claim based on her argument that she lived in "constant fear due to the fact that she had to put herself in great danger on a daily basis." *Id.* at 29.[3] She simply did not raise either issue in opposition and has not offered any reason why she was prevented from doing so.

Despite the scant opposition provided by Plaintiff, the Magistrate Judge thoroughly addressed all of her potential constitutional claims. Plaintiff's objections to the Report's recommendations regarding her claims under §1983 have been considered and overruled.

### E. Remaining Objections

This Court has conducted a *de novo* review of the Report and considered both Plaintiff's and Defendants' remaining objections and responses thereto that were not specifically addressed above. Upon completion of that review, the remaining objections are overruled and the Report adopted.

## IV. CONCLUSION

For the foregoing reasons, the Report is adopted with the following modifications:

- the date July 18, 2016 replaces the erroneous date (October 1, 2014) in the last sentence in the last paragraph of section III.C.4, and in the Conclusion;

- the finding that Defendant Budion is a school officer is stricken; and

- the finding that the letter purportedly sent to the District by Plaintiff on September 16, 2016 "substantially complied with §3813," is stricken.

---

[3] The Court notes that this argument appears only in Plaintiff's papers and not in the cited paragraphs of the Amended Complaint. In any event, notwithstanding the Report's conclusion that Plaintiff had abandoned her substantive due process claim in light of her failure to meaningfully oppose the motion, this Court finds no allegations in the amended complaint that plausibly allege acts so extreme as to shock the conscience.

12

Defendants' motion to dismiss, DE [30], is granted in part and denied in part.[4]

**SO ORDERED**.

/s/ *Sandra J. Feuerstein*

Sandra J. Feuerstein
United States District Judge

Dated: Central Islip, New York
      July 15, 2020

---

[4]Agosta, the principal of the school in which Plaintiff taught, is identified as a defendant with aider and abettor liability in the amended complaint, *see* ¶6, but is not named in the caption and is not listed as a defendant in Count VI or any other Count.  To allay any uncertainty, the Report's recommendation that any claim against Agosta be dismissed is adopted.