UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
ROSARY BERTUZZI,

                 Plaintiff,              MEMORANDUM & ORDER
                                       17-CV-4256 (JS)(ARL)
    -against-

COPIAGUE   UNION   FREE   SCHOOL
DISTRICT;  BOARD  OF  EDUCATION  OF
COPIAGUE   UNION   FREE   SCHOOL
DISTRICT;  DR.  KATHLEEN  BANNON,
TODD  ANDREWS;  MICHELLE  BUDION
individually,  and  as  aiders  and
abettors,

                 Defendants.
--------------------------------X
APPEARANCES
For Plaintiff:      Howard E. Gilbert, Esq.
                 Jason A. Gilbert, Esq.
                 Gilbert Law Group
                 425 Broadhollow Road, Suite 405
                 Melville, New York 11747-4701

For Defendants:     Karen Chana Rudnicki, Esq.
                 Lewis R. Silverman, Esq.
                 Silverman & Associates
                 445 Hamilton Avenue, Suite 1102
                 White Plains, New York 10601

SEYBERT, District Judge:

       In her Amended Complaint, Rosary Bertuzzi ("Plaintiff"),

a  teacher,  asserts  claims  arising  under  the  Americans  with

Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., New York State

Human Rights Law ("NYSHRL"), N.Y. ExEC. L. § 297 et seq., and the

United  States  and  New  York  State  Constitutions  against  Copiague

Union Free School District (the "District"), the Board of Education

of  the  Copiague  Union  Free  School  District,  Superintendent

Kathleen Bannon, Assistant Superintendent for Human Resources Todd Andrews, and District Coordinator of Foreign Language Michelle Budion (collectively, "Defendants"). (See generally Am. Compl., ECF No. 26.)  After fact discovery concluded and the deadline to amend pleadings expired, Plaintiff moved for leave to file a second amended complaint to reassert claims for hostile work environment and constructive discharge -- claims which were previously dismissed by the Honorable Judge Sandra J. Feuerstein following a Report and Recommendation ("R&R") by Magistrate Judge A. Kathleen Tomlinson.  (See Mar. 9, 2020 R&R, ECF No. 38; Adoption Order, ECF No. 48; Pl. Mot., ECF No. 90; Support Memo, ECF No. 90-15.)  By R&R dated January 11, 2022, Magistrate Judge Arlene R. Lindsay recommended that the Court deny Plaintiff's motion to amend pursuant to Federal Rule of Civil Procedure ("Rule") 16(b).[1] (Jan. 11, 2022 R&R, ECF No. 94.)  Plaintiff filed timely Objections, which Defendants oppose.  (Obj., ECF No. 98; Obj. Opp'n, ECF No. 101.)  For the following reasons, Plaintiff's Objections are OVERRULED, the R&R is ADOPTED, and Plaintiff's motion to amend is DENIED.

FACTUAL BACKGROUND

The Court presumes the parties' familiarity with the factual background as set forth in the R&Rs by Judge Tomlinson and

---

[1] This case was reassigned to the undersigned on June 2, 2021 and to Judge Lindsay on November 19, 2021.

2

Judge Lindsay.  (See Mar. 9, 2020 R&R; Jan. 11, 2022 R&R.)  For a recitation of the facts specifically pertaining to Plaintiff's claims for hostile work environment and constructive discharge for purposes of the instant motion, the Court refers the parties to Judge Lindsay's R&R.  (See Jan. 11, 2022 R&R at 2-5, 8.)

## PROCEDURAL HISTORY

Plaintiff commenced the instant case on July 18, 2017. (See Compl., ECF No. 1.)  Defendants moved to dismiss the Complaint, but the parties subsequently agreed to Plaintiff's filing of the Amended Complaint to moot Defendants' motion.  The Amended Complaint was filed on August 16, 2018, and Defendants moved to dismiss.  Judge Feuerstein referred Defendants' motion to Judge Tomlinson for a R&R, which was issued on March 9, 2020.

In her R&R, Judge Tomlinson recommended dismissal of Plaintiff's claims for hostile work environment and constructive discharge, inter alia.  (Mar. 9, 2020 R&R at 26-30 (hostile work environment), 52-53 (constructive discharge).)  With respect to the hostile work environment claim, Judge Tomlinson stated:

> The factual allegations concerning Plaintiff's hostile work environment claim state that: (1) "[e]ach year that the district granted plaintiff's request for reasonable accommodation, defendants would invariably harass [her] . . . so as to render her . . . work environment increasingly hostile in an effort to constructively discharge her," [Am. Compl.] ¶ 34; and (2) the District's "deviation from [its] policy regarding evaluations . . . was done purposefully . . .

3

> [to] create a hostile workplace," [id.] ¶ 53.
> In addition, Plaintiff claims generally that
> Defendants' "continuous and ongoing unlawful
> discrimination, retaliation and pervasive
> harassment," id. ¶¶ 164-66, rendered her
> workplace hostile, including being
> reprimanded in front of her class, id. ¶¶ 131-
> 34, and dismissed from a teachers' conference,
> id. ¶¶ 98-100.
>
> Practically speaking, Plaintiff contends that
> the conditions of her employment were altered
> for the following reasons: (1) the District
> annually denied her requested reasonable
> accommodation in the first instance,
> acquiescing only after the submission of
> medical documentation and the threat of legal
> action, id. ¶¶ 28-29; (2) the District
> altogether denied her requested reasonable
> accommodation beginning in the 2016-2017
> school year, id. ¶¶ 39-40, 57-58, 116, 121;
> (3) the District deviated from its teacher
> evaluation/observation policy and
> evaluated/observed Plaintiff four times,
> instead of two times, rating Plaintiff
> ineffective on one occasion, id. ¶¶ 41-49;
> (4) Plaintiff was assigned a disproportionate
> number of special needs students, increasing
> Plaintiff's workload, id. ¶ 36; (5) Plaintiff
> was assigned a teaching schedule that required
> excessive movement throughout the day, id.
> ¶¶ 59-60, 109-10; and (6) Plaintiff was
> otherwise bullied and harassed, including
> being told that she should not have appeared
> at a teachers' conference in May 2016 and
> being reprimanded in October 2017 in front of
> her class, id. ¶¶ 129-34.

(Id. at 28-29 (quoting Am. Compl.).)   Judge Tomlinson held that

Plaintiff's allegations "do not sufficiently allege conduct which

is so objectively severe or pervasive as to alter the conditions

of Plaintiff's employment" and recommended dismissal of that

claim.   (Id. at 29-30.)   To support her determination, Judge

Tomlinson found that Plaintiff's allegations consisted of "episodic acts which were not physically threatening or sufficiently severe or pervasive," i.e., that Plaintiff "was denied a reasonable accommodation, assigned a disproportionate number of special needs students, and evaluated more than other non-disabled teachers," which are insufficient to state a hostile work environment claim as a matter of law, "especially since Plaintiff [did] not dispute that Defendants either granted Plaintiff's requested reasonable accommodation or offered an alternative accommodation." (Id.) Then, due to the fact that a constructive discharge claim requires a more stringent showing than a hostile work environment claim, Judge Tomlinson recommended dismissal of Plaintiff's hostile work environment claim as well. (Id. at 52-53.) On July 15, 2020, Judge Feuerstein adopted Magistrate Judge Tomlinson's R&R with minor modifications unrelated to the findings regarding those two claims. (See Adoption Order at 12.)

Defendants filed their Answer to the Amended Complaint on July 30, 2020 (see generally Answer, ECF No. 51), and the parties proceeded to discovery pursuant to scheduling orders issued by Judge Tomlinson. Pertinent here, the deadline for the parties to make a formal motion to amend the pleadings was January 18, 2021 (Dec. 2, 2020 Elec. Order), and the fact discovery deadline was July 22, 2021 (July 9, 2021 Elec. Order).

Notwithstanding those dates, Plaintiff filed a letter motion to amend on July 22, 2021 that was rejected by Magistrate Judge Tomlinson the next day for the following reasons:

> (1) the motion was filed in contravention of the Court's Individual Rules and the directives issued at the Telephone Status Conference on September 29, 2020 because it was not filed as a formal motion on notice nor did counsel submit a briefing schedule to the Court prior to the filing of this motion; and (2) the deadline to make a formal motion under the Federal Rules to add parties or amend the pleadings was December 1, 2020 and counsel does not address Federal Rule 16(b) in this letter. Moreover, as an alternative form of relief, Plaintiff requests reconsideration of the dismissal of her claims for hostile work environment and for constructive discharge. A motion to reconsider the dismissal of those claims must be addressed to Judge Seybert.

(July 23, 2021 Elec. Order.)

Plaintiff then filed the instant motion to amend the Amended Complaint on August 17, 2021.  In her motion, Plaintiff argues grounds exist for an amendment due to "new evidence, not available until July 2021" which demonstrates that she "was subjected to the purposeful, pervasive exacerbation of her disabilities with concomitant severe and constant fear and pain" such that it would be "highly prejudicial" and manifestly unjust to preclude her from pursuing claims for hostile work environment and constructive discharge.  (Support Memo at 1.)  The "new evidence" Plaintiff refers to consists of "the master schedules, [D]efendants' emails, and the deposition testimony of Principal of

6

the High School, Joseph Agosta." (Id. at 2.) Defendants oppose Plaintiff's motion, arguing that Plaintiff is attempting to reassert claims identical to those that were previously dismissed and that the "new evidence" proffered by Plaintiff has long been known to her. (Opp'n, ECF No. 91.)

On January 11, 2022, Judge Lindsay issued a R&R and recommended that the Court deny Plaintiff's motion. (Jan. 11, 2022 R&R at 11.) As an initial matter, Judge Lindsay noted that Plaintiff's motion was filed after the January 18, 2021 deadline to amend pleadings and that Plaintiff has not established good cause pursuant to Rule 16 to warrant an amendment at this juncture. (Id. at 9-10.) Next, Judge Lindsay found that Plaintiff received the master schedules and other documentation submitted in support of the motion in December 2020, one month prior to the deadline to amend. (Id. at 10.) However, even if she was not in possession of the master schedules, Plaintiff "was certainly aware of her teaching schedule as reflected by the detailed allegations" in the Amended Complaint. (Id. at 10.) Although Principal Agosta did not appear for his deposition until May 2021, he was "simply responsible for the creation of th[e] master schedules," a fact which Plaintiff acknowledges. (Id.) Last, Judge Lindsay found that permitting Plaintiff to amend would be prejudicial to Defendants because "[a]lthough Bertuzzi has attempted to provide the Court with documentary evidence to bolster her claim[s], her

7

proposed hostile work environment/construct charge claims [are] virtually identical to the claims that were dismissed in 2020" and are repackaged as "newly alleged." (Id. at 11.)  For example, "Bertuzzi continues to argue that 'she was denied a reasonable accommodation, assigned a disproportionate number of special needs students, and evaluated more than other non-disabled teachers" -- facts which "[t]he Court has already ruled . . . are insufficient." (Id.)

## ANALYSIS

### I.   Legal Standard

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. P. 72(b)(3). The district judge must evaluate proper objections de novo; however, where a party "makes only conclusory or general objections, or simply reiterates [the] original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (quoting Barratt v. Joie, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)); FED. R. CIV. P. 72(b)(3).

### II.  Discussion

The Court has reviewed the Objections and finds them to be general and "mere reiterations of the arguments in [the] original papers that were fully considered, and rejected, by" Judge

Lindsay.  Rizzi v. Hilton Domestic Operating Co., Inc., No. 18-CV-1127, 2020 WL 6253713, at *2 (E.D.N.Y. Oct. 23, 2020) (collecting cases).  For example, in her Objections, Plaintiff argues that Judge Lindsay "failed to consider the weight of newly discovered evidence, i.e., Principal Agosta's deposition testimony, and its effect on the type of allegations [P]laintiff could allege in support of her claim for a hostile work environment constructive discharge." (Obj. at 2-3.)  Contrary to Plaintiff's argument, Judge Lindsay considered: Principal Agosta's testimony and suggested that his testimony indicated he "was simply responsible for the creation of th[e] master schedules" (Jan. 11, 2022 R&R at 10); and Plaintiff's argument that "[D]efendants purposefully and maliciously used their control over her schedule and knowledge of her disabilities" (id. at 8 (quoting Support memo at 3-4)).  Thus, the Court reviews Judge Lindsay's analysis for clear error and finds none.  The R&R is therefore ADOPTED in its entirety.

Nonetheless, the Court adopts the R&R under de novo review.  As an initial matter, all of the documentary evidence that Plaintiff is asking the Court to consider in resolving the instant motion is appended to an affidavit prepared by Plaintiff (the "Bertuzzi Affidavit") which she did not sign. (Bertuzzi Aff., ECF No. 90-1.)  Judge Lindsay recommended that the Bertuzzi Affidavit be stricken and that its contents not be considered.

9

(Jan. 11, 2022 R&R at 10.)   The Court agrees.   See Meimaris v. Royce, No. 18-CV-4363, 2018 WL 9960113, at *2 (S.D.N.Y. Nov. 5, 2018) ("The Court cannot rely on the contents of an unsigned sworn affidavit."). Even if the Court were to consider the documentation attached to the Bertuzzi Affidavit, all of this evidence was or should have been in Plaintiff's possession sufficiently in advance of January 2021, including the master schedules given to Plaintiff in December 2020, with the sole exception of Principal Agosta's deposition testimony.  "A party fails to show good cause when the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline."  Hadid v. City of New York, 182 F. Supp. 3d 4, 9 (E.D.N.Y. 2016) (quoting Perfect Pearl Co. v. Majestic Pearl & Stone, Inc., 889 F. Supp. 2d 453, 457 (S.D.N.Y. 2012)).

Notwithstanding, the Court has reviewed the seven pages of excerpts from the transcript of Principal Agosta's deposition that Plaintiff submitted.  (See Agosta Depo. Tr., ECF No. 90-4.) Having done so, the Court is unable to connect the dots as to the causal link Plaintiff is attempting to draw and finds Principal Agosta's testimony to belie Plaintiff's arguments rather than support them.   Plaintiff contends Principal Agosta sheds lights as to which agents of the District "went out of their way to ensure" Plaintiff was not provided any accommodation (Support Memo at 4); however, Principal Agosta explicitly states that Plaintiff

was provided with reasonable accommodations (Agosta Depo. Tr. at 123 ("I gave Ms. Bertuzzi the accommodations that were reasonable."), 126 ("But I did provide Ms. Bertuzzi with accommodations to the best of my ability.")). Next, to the extent Plaintiff claims that she was unable to learn that "[D]efendants deliberately exhausted her sick leave because of her disabilities without first deposing them," (Obj. at 6; see also Support Memo at 6), Plaintiff has not provided the Court with any citations to new evidence in the record -- aside from mere allegations in the proposed second amended complaint -- to support this argument. Moreover, Plaintiff's allegations concerning Defendants' exhaustion of her sick leave as well the purported severity of her conditions of employment were already considered and found to be insufficient to sustain hostile work environment and constructive discharge claims as a matter of law.  (See Mar. 9, 2020 R&R.)

The law-of-the-case doctrine "counsels a court against revisiting its prior rulings in subsequent stages of the same case absent cogent and compelling reasons such as an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Chiari v. New York Racing Ass'n Inc., 972 F. Supp. 2d 346, 362 (E.D.N.Y. 2013) (quoting ATSI Commc'ns, Inc. v. The Shaar Fund, Ltd., 547 F.3d 109, 112 n.3 (2d Cir. 2008)).  Although a court has discretion to re-examine an issue in certain circumstances, see Pub. Emps.

11

Ret. Ass'n of N.M. v. PriceWaterhouseCoopers LLP, 305 F. App'x
742, 744 (2d Cir. 2009), "courts are 'understandably reluctant' to
reconsider a ruling once made, 'especially when one judge is asked
to consider the ruling of a different judge.'"  Chiari, 972 F.
Supp. 2d at 361 (quoting Ali v. Mukasey, 529 F.3d 478, 490 (2d
Cir. 2008)).  In light of these principles, the Court declines to
revisit the earlier determinations by Judge Tomlinson and Judge
Feuerstein, which dismissed Plaintiff's hostile work environment
and constructive discharge claims.  See id. at 362.

CONCLUSION

For the stated reasons, **IT IS HEREBY ORDERED** that
Plaintiff's Objections are OVERRULED, the R&R (ECF No. 94) is
ADOPTED, and Plaintiff's motion to amend (ECF No. 90) is DENIED.


SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March 30, 2022
       Central Islip, New York

12