UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
ROSARY BERTUZZI,

               Plaintiff,

   -against-

COPIAGUE UNION FREE SCHOOL
DISTRICT; BOARD OF EDUCATION OF
COPIAGUE UNION FREE SCHOOL
DISTRICT; DR. KATHLEEN BANNON,
TODD ANDREWS; MICHELLE BUDION
<u>individually, and as aiders and
abettors</u>,

               Defendants.
--------------------------------X

<u>MEMORANDUM & ORDER</u>
17-CV-4256 (JS)(ARL)

**FILED**
**CLERK**

9/25/2023 10:43 am

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

APPEARANCES
For Plaintiff:     Howard E. Gilbert, Esq.
                  Jason A. Gilbert, Esq.
                  Gilbert Law Group
                  425 Broadhollow Road, Suite 405
                  Melville, New York 11747-4701

For Defendants:    Caroline Beth Lineen, Esq.
                  Karen Chana Rudnicki, Esq.
                  Lewis R. Silverman, Esq.
                  Silverman & Associates
                  445 Hamilton Avenue, Suite 1102
                  White Plains, New York 10601

SEYBERT, District Judge:

      Rosary Bertuzzi ("Plaintiff" or "Bertuzzi"), a teacher,

asserts claims pursuant to the Americans with Disabilities Act

("ADA"), 42 U.S.C. § 12101 <u>et seq.</u> and New York State Human Rights

Law ("NYSHRL"), N.Y. EXEC. L. § 297 <u>et seq.</u>, against Copiague Union

Free School District (the "District"), the Board of Education of

the Copiague Union Free School District (the "BOE"),

Superintendent    Kathleen    Bannon    ("Bannon"),    Assistant
Superintendent for Human Resources Todd Andrews ("Andrews"), and
District  Coordinator  of  Foreign  Language  Michelle  Budion
("Budion") (collectively, "Defendants"). (See generally Am.
Compl., ECF No. 26.)  Plaintiff alleges that, during the 2015-16,
2016-17 and 2017-18 school years, Defendants violated the ADA and
NYSHRL by failing to provide her with a reasonable accommodation,
by subjecting her to disparate treatment, and by retaliating
against her.

Defendants filed a motion for summary judgment, which
the Court referred to the Honorable Arlene R. Lindsay for a Report
and Recommendation ("R&R").  (See Mot., ECF No. 104; R&R, ECF
No. 120.)  In the R&R, Judge Lindsay recommends granting in part
and denying in part Defendants' motion.  She recommends dismissing
all of Plaintiff's claims, except for her reasonable accommodation
claims related to the 2017-18 school year.  (Id. at 24, 27-28.)

Defendants and Plaintiff filed timely objections, as
well as responses to each other's objections. (Defs. Obj., ECF No.
125; Pl. Obj., ECF No. 128; Pl. Resp., ECF No. 131; Defs. Resp.,
ECF No. 132.)  For the following reasons, Defendants' objections
are SUSTAINED IN PART and OVERRULED IN PART, Plaintiff's objections
are OVERRULED, the R&R is ADOPTED with one modification, and
Defendants' summary judgment motion is GRANTED IN PART and DENIED
IN PART.

BACKGROUND

Judge Lindsay issued her R&R on January 30, 2023. Neither Plaintiff nor Defendants specifically challenge the "Background" section of the R&R. (See R&R at 1-10 (Factual Background); 11-14 (Procedural History).)  As such, the Court incorporates herein by reference Judge Lindsay's thorough and comprehensive summary of the facts and posture of this case. See Sali v. Zwanger & Pesiri Radiology Grp., LLP, No. 19-CV-0275, 2022 WL 819178, at *1 (E.D.N.Y. Mar. 18, 2022).

As a preliminary matter in the R&R, Judge Lindsay noted Plaintiff's non-compliance with Local Rule 56.1(b) in the preparation of her Local Rule 56.1 Counterstatement of Facts (the "Counterstatement"). (R&R at 15; see also Pl. 56.1 Counter Stmt., ECF No. 113.)  "In many instances, Bertuzzi's responses contain lengthy factual arguments that go well beyond the statement to which she was intended to respond.  In addition, Bertuzzi's 'Controverted Facts' recite many of the same arguments contained in her Counterstatement."  (Id.)  Notwithstanding, in her discretion, Judge Lindsay did not strike the portions of the Counterstatement that offended the Local Rules and proceeded to her analysis of Plaintiff's ADA and NYSHRL claims.  (Id. at 16.)

First, solely as to Plaintiff's NYSHRL claims, Judge Lindsay rejected Defendants' argument that such claims be dismissed based upon Plaintiff's failure to file a formal notice

of claim with the District in accordance with New York Education Law ("NYEL") § 3813(1).  (Id. at 16.)  "Although it is undisputed that Bertuzzi failed to file a formal notice of claim, . . . Bertuzzi substantially complied with § 3813 by sending a detailed letter to the District on September 16, 2016, in which she set forth the underlying factual basis for her state law discrimination claims."  (Id. at 16-17.)

Next, Judge Lindsay considered the merits of Plaintiff's ADA and NYSHRL failure to accommodate claims.  (See id. at 17-24.) Plaintiff maintained that, starting in 2015, Defendants "refused to provide her with a single classroom for all of her teaching and preparation papers, despite having been able to do so for the prior twelve years."[1]  (Id. at 20.)  Although Plaintiff acknowledged Defendants assigned her "to classrooms that were in close proximity to each other, and . . . that she never sought an accommodation with respect to her duty periods," she still claimed the "purported accommodations provided to her were inadequate."  (Id.) Notwithstanding, Judge Lindsay found Defendants' accommodations plainly reasonable for the 2015-16 and 2016-17 school years "given the pedagogical concerns of the District."  (Id. at 20-21, 24.) However, Judge Lindsay determined a genuine factual dispute exists

---

[1] As noted in the R&R, teachers in the District have five teaching periods, two preparation periods, one duty period, and one lunch period.  (Id. at 3.)

about whether the proposed accommodation for the 2017-18 school year imposed an "undue hardship" upon Defendants. (Id. at 22.)

Regarding the 2015-16 school year, Plaintiff was assigned one classroom, Room 100, "for all her teaching periods as well as her duty period"; however, Defendants "were unable to assign her to Room 100 for her preparation period that year" because "it is clear that Room 100 was needed for a Spanish I class." (Id. at 21.)  Plaintiff even "acknowledged classrooms cannot be dedicated to teachers for prep periods when they are needed for an instructional period." (Id.)  Moreover, Judge Lindsay found that Plaintiff's disability "did not completely prevent her from moving around" because Plaintiff "routinely walked greater distances than between two adjacent classrooms such as when she would enter the school in the morning from the parking lot."[2] (Id. at 21.)  In addition, Plaintiff "was willing to take duty periods in other locations in the building . . . and occasionally opted to leave the building for lunch or to join a colleague for lunch on the second floor," "despite her claim that short, repetitive movements exacerbated her condition." (Id.)  According to Judge Lindsay, "Bertuzzi cherry-picked when to impose her physician's recommendations to limit her activity." (Id.)

---

[2] Bertuzzi's claimed disability includes chronic intractable neck pain from a cervical disc disorder, degenerative disc disease, and herniated discs. (Id. at 2.)

Moving forward to the 2016-17 school year, Defendants assigned Plaintiff "to Room 100 for four of her five teaching periods[;] [h]owever, they were unable to assign her to Room 100 during period 1 because [it] was needed for a double period of" English as a New Language ("ENL").  (Id.)  Defendants provided Plaintiff "with a cart to transport her personal and teaching materials to each classroom, [and] a file cabinet to store material."  (Id.)  She was also "offered an extra set of textbooks to store in each classroom and assistance packing up material which . . . [D]efendants say she refused."  (Id. at 21-22.)  It is important to note that, on the first day of the 2016-17 school year, Plaintiff injured herself tripping on a wire and only worked six days that year.  (Id. at 5, 22)  Plaintiff was not cleared to return to work until April 11, 2017, and "it would have been far too burdensome to alter the class assignments in the middle of the school year to accommodate [Plaintiff's] request to work in a single classroom" or "to create a new non-teaching assignment for her for the remainder of the year."  (Id. at 22.)

Then, as to the 2017-18 school year, Plaintiff's classroom assignments were "equally split" between two rooms, Room 102 and Room 108, which required Plaintiff "to switch locations all nine periods."  (Id. at 22-23.)  Judge Lindsay found that Defendants failed to offer "any evidence to explain why it would have been burdensome to provide Bertuzzi with a single

6

classroom that year." (Id. at 23.)  Moreover, Judge Lindsay
determined there were issues of fact as to whether Plaintiff,
Defendants, or both sides were responsible for causing a breakdown
in the interactive process.  (See id. at 23-24.)  Accordingly,
Judge Lindsay recommended granting Defendants' motion regarding
the failure to accommodate claims for the 2015-16 and 2016-17
school years, and denying the motion for such claims pertaining to
the 2017-18 school year.  (Id. at 24.)  This partial denial of
summary judgment also caused Judge Lindsay to reject the branch of
Defendants' motion seeking dismissal of Plaintiff's claims against
the individual defendants since an "employee's liability
necessarily hinges on that of the employer."  (Id. at 24 n.11
(quoting Conklin v. County of Suffolk, 859, F. Supp. 2d 415, 436
(E.D.N.Y. 2012).)

Judge Lindsay then recommended granting summary judgment
against Plaintiff's disparate treatment and retaliation claims.
(Id. at 24-28.)  Plaintiff claimed Defendants "actively worked to
assign her rooms that exacerbated her disabilities, intentionally
caused her to exhaust her sick leave and purposely assigned her a
disproportionate number of disciplinary and special needs kids."
(Id. at 24-25.)  However, Judge Lindsay found there to be "no
evidence . . . that Bertuzzi was given less favorable classroom
assignments than her non-disabled coworkers."  (Id. at 25.)  There
was only one other language teacher assigned a single classroom

7

for all periods during 2016-17, and Bertuzzi "offered no analysis of the classes that her colleague was teaching that year, the number and make-up of the students assigned to her colleague's classes or the other language classes that had to be offered during the same periods." (Id.) Although "20 of the approximately 200 teachers at the school were also assigned to a single classroom at some point during the relevant time period[,] [w]ithout more, the fact that on occasion teachers were assigned single classrooms is not persuasive evidence of disparate treatment." (Id. (citation omitted).) Judge Lindsay similarly rejected Plaintiff's claims of disparate treatment with respect to the District's accounting of her sick leave. (Id. at 25-26.) Despite being cleared to return to work on April 11, 2017, Plaintiff stayed home and began exhausting her accrued sick leave -- which Plaintiff claims "she was forced to do" because she was not properly accommodated. (Id.) Defendants later determined that "part of the accrued sick days were covered by worker's compensation" and restored 42 days to her. (Id. at 26.) Then in February 2018 when Plaintiff stopped working before her retirement, Defendants required her to use 93 accrued sick days that she was not reimbursed for because that leave was not covered by worker's compensation. (Id.) "[O]ther than taking issue with the fact that she was required to use sick time," there is no evidence "to suggest . . . non-disabled teachers were treated differently with respect to their own use of

sick time," let alone a comparison.  (Id.)  Judge Lindsay also found a lack of evidence to suggest Plaintiff was "assigned a disproportionate number of disciplinary or learning disabled students."  (Id.)  The record showed that the "assignment of classified children to language classes varied each year," "the number of classified students in her classes was on the lower end of the spectrum," and no evidence that Plaintiff was treated differently regarding her class assignments.  (See id. at 26-27.) For those reasons, in addition to the fact that Plaintiff did "not come forward with a shred of evidence that suggest a retaliatory relationship between her requests for accommodations for the 2015-16 through 2017-18 school years and any purported adverse employment action," Judge Lindsay recommended dismissal of Plaintiff's disparate treatment and retaliation claims. (See id. at 24-28.)

As a final matter, Judge Lindsay addressed Plaintiff's request for punitive damages against the District.  (Id. at 28.) Punitive damages against a school district are not recoverable as a matter of law, therefore, the R&R recommended Plaintiff be barred from recovering such damages on her remaining failure to accommodate claim.  (Id. (citing Piotrowski on behalf of J.P. v. Rocky Point Union Free Sch. Dist., 462 F. Supp. 3d 270, 289 (E.D.N.Y. 2020)).)

DISCUSSION

I.   Legal Standard

A district court "may accept, reject, or modify, in whole
or in part, the findings or recommendations made by the magistrate
judge." 28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. P. 72(b)(3).
The district judge must evaluate proper objections de novo;
however, where a party makes only conclusory or general objections,
or simply reiterates the original arguments, the court reviews the
report and recommendation strictly for clear error. See Locus
Techs. V. Honeywell Int'l Inc., 632 F. Supp. 3d 341, 351 (S.D.N.Y.
2022); Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y.
2008) (same); Thomas v. City of N.Y., Nos. 14-CV-7513, 16-CV-4224,
2019 WL 3491486, at *4 (E.D.N.Y. July 31, 2019) ("Objections
seeking to relitigate arguments rejected by the magistrate judge
do not constitute proper objections, and, as a result, are subject
to clear error review"); Urgent One Med. Care, PC v. Co-Options,
Inc., No. 21-CV-4180, 2022 WL 4596754, at *5 (E.D.N.Y. Sept. 30,
2022) ("General objections, or 'objections that are merely
perfunctory responses argued in an attempt to engage the district
court in a rehashing of the same arguments set forth in the
original papers will not suffice to invoke de novo review'"
(quoting Owusu v. N.Y.S. Ins., 655 F. Supp. 2d 308, 312-13
(S.D.N.Y. 2009) (cleaned up)); see also Phillips v. Reed Grp., 955
F. Supp. 2d 201, 211 (S.D.N.Y. 2013) ("In the event a party's

10

objections are conclusory or general, or simply reiterate original arguments, the district court . . . reviews the Report and Recommendation for clear error.").

II. <u>Analysis</u>

Following the issuance of the R&R, both Defendants and Plaintiff filed timely objections.

A.   <u>Defendants' Objections</u>

Defendants' objections to the R&R are two-fold: (1) the R&R erroneously concluded that Plaintiff complied with NYEL § 3813(1)'s notice of claim requirement; and (2) the NYSHRL claims against the individual Defendants must be dismissed. (<u>See</u> Defs. Obj. at 4, 9.)

1.   <u>Notice of Claim</u>

In their first objection, Defendants argue Plaintiff's September 16, 2016 letter to Bannon did not satisfy the notice of claim requirement under Section 3813(1). (<u>See</u> Defs. Obj. at 4-9.) The Court reviews this portion of the R&R for clear error as Defendants previously raised these arguments before Judge Lindsay. (<u>See</u> Support Memo, ECF No. 107, at 17-19; Reply, ECF No. 117, at 8-10.)

Pursuant to Section 3813(1):

No action or special proceeding, for any cause whatever, . . . shall be prosecuted or maintained against any school district, board of education, . . . or any officer of a school district, [or] board of

11

> education . . . unless it shall appear by and
> as an allegation in the complaint or necessary
> moving papers that a written verified claim
> upon which such action or special proceeding
> is founded was presented to the governing body
> of said district or school within three months
> after the accrual of such claim . . . .

N.Y. EDUC. L. § 3813(1).  "Th[is] statutory prerequisite is not

satisfied by presentment to any other individual or body, and,

moreover, the statute permits no exception regardless of whether

the [governing body] had actual knowledge of the claim or failed

to demonstrate actual prejudice."  Nelson v. Mount Vernon City

Sch. Dist., No. 15-CV-8276, 2017 WL 1102668, at *3 (S.D.N.Y. Mar.

23, 2017) (quoting Parochial Bus Sys., Inc. v. Bd. of Educ. of

City of N.Y., 458 N.E.2d 1241, 1245 (N.Y. 1983)).

        The Court agrees with Defendants and SUSTAINS their

objection to the recommendation that Plaintiff's September

16, 2016 letter to Bannon, the Superintendent, complied with

Section 3813(1).  At the motion to dismiss stage, when the record

was not developed as to whom Plaintiff sent this letter, the Court

stated: "Plaintiff . . . suggests that [the] letter may have been

addressed and sent to Bannon.  If that were the case, the letter

would not satisfy § 3813(1) . . . ."  Bertuzzi v. Copiague Union

Free Sch. Dist., No. 17-CV-4256, 2020 WL 3989493, at *3 (E.D.N.Y.

July 15, 2020) (citing Nelson, 2017 WL 1102668, at *3); see also

Carter v. Syracuse City Sch. Dist., 850 F. App'x 22, 25 (2d Cir.

2021) (dismissing NYSHRL claim where the plaintiff served a notice

of claim on the superintendent); Nelson, 2017 WL 11102668, at *3
("[C]ourts have consistently held that service of a notice of claim
upon a superintendent does not satisfy § 3813(1)'s requirements."
Id. (citing Spoleta Constr. & Dev. Corp. v. Bd. of Educ. of Byron-
Bergen Cent. Sch. Dist., 634 N.Y.S.2d 300, 301 (App. Div. 1995)).
Accordingly, the R&R is MODIFIED to the extent that the September
16, 2016 letter does not comply with Section 3813(1).

Nevertheless, the Court agrees with Judge Lindsay that
Plaintiff's NYSHRL claims survive this threshold issue, at least
at this juncture.  Although Plaintiff filed a verified complaint
with the Equal Employment Opportunity Commission ("EEOC") and New
York State Division of Human Rights ("DHR") on November 17, 2016
(the "DHR/EEOC Complaint"), the R&R only addressed whether the
September 16, 2016 letter complied with Section 3813(1).
Notwithstanding, Defendants maintain in their objections, as they
did in connection with their underlying motion, that the DHR/EEOC
Complaint does not comply with this notice of claim requirement.

An EEOC charge may satisfy Section 3813(1)'s notice of
claim requirement where it: "(1) places the school district on
notice of the precise claims alleged; and (2) is served on the
party required by [S]ection 3813 within the statutory time period."
Richard v. N.Y. City Dep't of Educ., No. 16-CV-0957, 2022 WL
4280561, at *17 (E.D.N.Y. Sept. 15, 2022) (citing Riccardo v.

13

<u>N.Y.C. Dep't of Educ.</u>, No. 16-CV-4891, 2016 WL 7106048, at *8 (S.D.N.Y. Dec. 2, 2016)).

As they did with respect to the September 2016 letter, Defendants argue that Plaintiff did not effectuate service of the DHR/EEOC Complaint upon the proper party under Section 3813(1). (<u>See</u> Defs. Obj. at 8-9.)  Although Plaintiff does not specifically identify with whom she served the DHR/EEOC Complaint to demonstrate compliance with Section 3813(1), Plaintiff argues Defendants "had more than sufficient notice of the nature of the claim" and "repeatedly substantively answered and denied [P]laintiff's detailed allegations."  (<u>See</u> <u>id.</u> at 4-5.)  The Court finds that Plaintiff's highlighting of Defendants' involvement during the administrative proceedings associated with the DHR/EEOC Complaint is sufficient to create a genuine issue of material fact as to whether she achieved compliance with Section 3813(1). (<u>See</u> <u>id.</u>)

Accordingly, Defendants' motion for summary judgment is DENIED as to this threshold issue.

2.   <u>NYSHRL Claims Against Individual Defendants</u>

Should the Court find that all of Plaintiff's NYSHRL claims against the District be dismissed, Defendants' second objection seeks dismissal of Plaintiff's NYSHRL claims against the individual Defendants pursuant to an aiding and abetting theory. (<u>Id.</u> at 9-10.)  As discussed above, there is a genuine issue of fact as to whether Plaintiff complied with Section 3813(1), and

14

for the reasons discussed below, a subset of Plaintiff's failure to accommodate claims survive summary judgment. Thus, there remain viable theories of liability against the District to which liability against the individual Defendants may attach, as previously determined by Judge Lindsay. (See R&R at 24 n.11.)

Accordingly, Defendants' second objection to the R&R is OVERRULED.

B.   Plaintiff's Objections

In her objections, which are twenty-eight pages in length and longer than her opposition to Defendants' underlying motion, Plaintiff argues it was erroneous for the R&R to conclude: (1) Defendants reasonably accommodated Plaintiff for the 2015-16 and 2016-17 school years; (2) issues of fact exist as to whether Plaintiff caused a breakdown of the interactive process for the 2017-18 school year; (3) issues of fact exist as to Plaintiff's retaliation claims; and (4) issues of fact exist as to Plaintiff's disparate treatment claims. (See generally Pl. Obj.) Having reviewed Plaintiff's lengthy objections, the Court finds them to insufficient to trigger de novo review because they are attempts to re-litigate the precise issues presented to and decided by Judge Lindsay in the first instance.

1.   Accommodation Claims

The first two objections lodged by Plaintiff pertain to her failure to accommodate claims. Plaintiff argues "Judge Lindsay

15

failed to consider and/or address significant components of the record evidence and arguments presented in plaintiff's opposition papers." (Id. at 2.)  This is a wholly inaccurate characterization of the R&R, which contains a thorough and comprehensive review of the summary judgment record, notwithstanding Plaintiff's failure to comply with Local Rule 56.1.  Further, "there is no requirement for a court to specifically address each and every argument raised by a party in papers filed with the Court." Miller v. Metro. Life Ins. Co., No. 17-CV-7284, 2018 WL 5993477, at *5 n.5 (S.D.N.Y. Nov. 15, 2018) (quoting Driessen v. Royal Bank Int'l, No. 14-CV-1300, 2015 WL 881205, at *2 (D. Conn. Mar. 2, 2015)).

Plaintiff's other objections regarding her reasonable accommodation claims were previously raised in her opposition to Defendants' summary judgment motion.  For example: (1) that Plaintiff's preferred accommodation would not impose an undue hardship upon Defendants (Compare Pl. Obj. at 5, with Opp'n, ECF No. 114, at 18); (2) that Room 100 was not needed for a double period of ENL during the 2016-17 school year (Compare Pl. Obj. at 7 ("Plaintiff credibly and persuasively contests this defense throughout her opposition papers."), with Opp'n at 14-15); (3) that other teachers were assigned a single classroom during the 2016-17 school year (Compare Pl. Obj. at 9-10, with Opp'n at 14); (4) the purported ineffectiveness of the 2016-17 accommodation and Plaintiff's fall (Compare Pl. Obj. at 12, with

16

Opp'n at 6-7); (5) Plaintiff's physicians' recommendations (Compare Pl. Obj. at 13-15, with Opp'n at 6).

As set forth above, for the 2015-16 and 2016-17 school years, Judge Lindsay explained with citations to the record and to supporting law as to why the accommodations afforded to Plaintiff by Defendants were plainly reasonable under the circumstances, and why Plaintiff's preferred accommodation of teaching in a single classroom for all of her teaching and preparation periods was not. (See R&R at 20-22; see also id. at 22 ("[D]efendants were 'not required to provide a perfect accommodation or the very accommodation most strongly preferred by the employee.'" (quoting Noll v. Int'l Bus. Machs. Corp., 787 F.3d 89, 95 (2d Cir. 2015))).) The Court has not identified any clear error committed by Judge Lindsay in reaching these conclusions.

Further, although Judge Lindsay recommended denying Defendants' motion as to Plaintiff's failure to accommodate claims for the 2017-18 school year, Plaintiff unnecessarily spills significant ink objecting to Judge Lindsay's determination that an issue of fact exists as to which party caused a breakdown of the interactive process that year. (See Pl. Obj. at 15-22.) In so doing, Plaintiff objects to any findings that Defendants even "engaged in an interactive process" and that Plaintiff "could have been responsible for the breakdown [of] a purported interactive process during the 2017-18 school year." (Id. at 16.) There is

17

no need for the Court to weigh in on these objections because they pertain to matters that will be determined by the jury as Plaintiff's accommodation claims for the 2017-18 school year proceed to trial. If Plaintiff wanted to obtain affirmative relief as to any aspects of her claims, *i.e.*, that Defendants did not engage in an interactive process or that Plaintiff did not cause any breakdown of the interactive process, Plaintiff could have moved for summary judgment in her own right. However, Plaintiff did not and her attempts to bootstrap liability determinations onto her objections here are unavailing.

Accordingly, the Court finds that Judge Lindsay did not commit clear error and Plaintiff's first two objections regarding her failure to accommodate claims are OVERRULED.

### 2. Retaliation Claims

Plaintiff's next objection focuses on the recommendation to dismiss her retaliation claims. (Pl. Obj. at 22-26.) The majority of this objection reiterates Plaintiff's dissatisfaction with Defendants' refusal to provide her with the requested accommodation, and utilizes this refusal as the basis for an adverse employment action. (See id. at 23-26.) "While courts may consider the underlying conduct of an alleged failure to accommodate, a failure to accommodate, by itself, is not sufficient for purposes of establishing an adverse employment action." Sosa v. N.Y. City Dep't of Educ., 368 F. Supp. 3d 489, 496 (E.D.N.Y.

2019) (quoting Sherman v. Cty. of Suffolk, 71 F. Supp. 3d 332, 345 (E.D.N.Y. 2014)).   Further, Plaintiff re-raises her complaints about Defendants' exhaustion of her sick leave, her classroom assignments, and the proportion of classified students in her classes, which are matters Judge Lindsay considered and rejected in the context of both Plaintiff's retaliation and disparate treatment claims.   (See R&R at 25-27; Pl. Obj. at 23-25.)   These arguments do not point to any clear error, nor has the Court found any, in the R&R's analysis of Plaintiff's retaliation claims.

There is, however, an additional portion of this objection which warrants de novo review.   Plaintiff argues that she received negative critiques of her classroom management after requesting accommodations in the 2017-18 school year, which constitute adverse employment actions.   (See Pl. Obj. at 24-25.) These critiques, which were delivered by Agosta during two meetings he and Plaintiff had, were examined in the R&R in the context of how they related to the parties' participation in an interactive process -- and not in the context of Plaintiff's retaliation claims.   (See R&R at 23-24.)

Although Plaintiff never received an "unsatisfactory" rating in an Annual Professional Performance Review (id. at 9), she argues an adverse employment action exists "where an administrator threaten[s] a plaintiff with an unsatisfactory evaluation around the time the plaintiff had requested an

19

accommodation," (see Pl. Obj. at 24 (citing Einsohn v. N.Y. City
Dep't of Educ., No. 19-CV-2660, 2022 WL 955110, at *10 (E.D.N.Y.
Mar. 30, 2022)).)   The summary judgment record does not indicate
that Agosta levied any threats, let alone the type of threat the
Einsohn Court found sufficient to constitute an adverse employment
action, to substantiate a retaliation claim.  See Einsohn, 2022 WL
955110, at *10 (denying summary judgment against a retaliation
claim where, during the same month the plaintiff requested an
accommodation, the plaintiff was advised by an administrator that
he might receive an unsatisfactory rating at the end of the school
year).

　　　　Accordingly, Plaintiff's third objection is OVERRULED in
its entirety.

### 3.   Disparate Treatment Claims

　　　　Last, Plaintiff objects to the recommendation to dismiss
her disparate treatment claims.   (See Pl. Obj. at 26-28.)
Plaintiff's objection focuses on how she received "an ineffective
accommodation" by being assigned to teach Spanish I, a class with
a high number of classified students, and by being required to
"change classrooms every single period of the day." (Id. at 27.)
However, Judge Lindsay entertained Plaintiff's arguments regarding
her class assignments and class composition, inter alia, in
rejecting her disparate treatment claims.   As noted by Judge
Lindsay, "there is no evidence to support a finding that Bertuzzi

was given less favorable classroom assignments than her non-disabled coworkers" and "the fact that on occasion teachers were assigned single classrooms is not persuasive evidence of disparate treatment."  (R&R at 25.)

Accordingly, Plaintiff's fourth objection to the R&R is OVERRULED.

CONCLUSION

For the stated reasons, **IT IS HEREBY ORDERED** that Defendants' objections are SUSTAINED IN PART and OVERRULED PART, Plaintiff's objections are OVERRULED, the R&R is ADOPTED with one modification, and Defendants' summary judgment motion is GRANTED IN PART and DENIED IN PART.

In accordance with the Court's Individual Rules, the parties are directed to submit a joint pre-trial order within sixty (60) days.  Further, within thirty (30) days, the parties are directed to file a letter indicating whether they are amenable to participating in mediation.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September 25, 2023
       Central Islip, New York