```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
ROSARY BERTUZZI,

                Plaintiff,                  MEMORANDUM & ORDER
                                            17-CV-4256 (JS)(ARL)
      -against-

COPIAGUE UNION FREE SCHOOL
DISTRICT; BOARD OF EDUCATION OF
COPIAGUE UNION FREE SCHOOOL
DISTRICT; DR. KATHLEEN BANNON;
TODD ANDREWS; and MICHELLE
BUDION,

                Defendants.
---------------------------------X
APPEARANCES
For Plaintiff:         Jason A. Gilbert, Esq.
                       Alexander R. Gilbert, Esq.
                       Howard E. Gilbert, Esq.
                       Gilbert Law Group
                       425 Broadhollow Road, Suite 405
                       Melville, New York 11747

For Defendants:        Deanna L. Collins, Esq.
                       Caroline B. Lineen, Esq.
                       Karen C. Rudnicki, Esq.
                       Lewis R. Silverman, Esq.
                       Silverman & Associates
                       445 Hamilton Avenue, Suite 1102
                       White Plains, New York 10601
```

SEYBERT, District Judge:

Presently before the Court is Defendants' Motion in Limine ("Defendants' Motion") seeking eight separate forms of relief, including, <u>inter alia</u>, a court order "[p]recluding Plaintiff from seeking as damages lost wages, benefits, and pension at trial" ("Request One") and "[p]recluding Plaintiff from

offering any evidence of alleged lost wages, benefits, and pension at trial" ("Request Two", and collectively, with Request One, the "Requests").  (Defs.' MIL, ECF No. 141; Defs.' Support Memo, ECF No. 143.)  Upon review of Defendants' Motion, Plaintiff's Opposition thereto (Pl.'s Opp'n, ECF No. 147), and Defendants' Reply in Further Support of their Motion (Defs.' Reply, ECF No. 150), the Court hereby GRANTS Defendants' Motion only as to Request One and Request Two, and reserves decision on the remaining six requests for relief.[1]

---

[1]  The Court, in its discretion, limits its decision herein to Defendants' Requests One and Two based upon its "inherent authority to manage [its] docket[] and courtroom[] with a view toward the efficient and expedient resolution of [this] case[]." Dietz v. Bouldin, 579 U.S. 40, 47 (2016).  At the Pretrial Conference held on December 11, 2024, the parties represented to the Court that they had engaged in settlement discussions which were hindered by the parties' dispute as to whether Plaintiff could recover damages based upon her purported loss of pension.  The Court therefore issues this Order resolving such dispute on an expedited basis in an effort to permit the parties to engage in settlement discussions prior to trial.  The Court expects the parties will notify the Court immediately if a settlement materializes.  (See J.S. Ind. Rule I(G) ("**Notification of Settlement.**  Any time a settlement is reached, including prior to jury selection or during trial, the parties are **required** to immediately notify the Court by filing a notice letter to ECF. The notice letter shall indicate when the parties expect to execute a formal Stipulation of Settlement or Dismissal.").)

BACKGROUND[2]

Plaintiff Rosary Bertuzzi commenced this employment discrimination action against Defendants Copiague Union Free School District, Board of Education of Copiague Union Free School District, Dr. Kathleen Bannon, Todd Andrews, and Michele Budion (collectively, "Defendants"), alleging violations of the Americans with Disabilities Act (hereafter, "ADA"), 42 U.S.C. § 12101, et seq., violations of the Fifth and Fourteenth Amendments pursuant to 29 U.S.C. §§ 1983, and 1988, New York State Human Rights Law (hereafter, "NYSHRL"), and the New York State Constitution. (See generally, Am. Compl., ECF No. 26.)  In her Amended Complaint, Plaintiff alleged that Defendants' "[r]efusal to [pr]ovide Plaintiff [w]ith the [p]rescribed [m]edical [r]easonable [a]ccommodation" for the 2017-2018 school year amounted to a "[c]onstructive [d]ischarge." (Id. at 24.)

On March 9, 2020, upon briefing from the parties and referral from then-presiding District Judge Sandra J. Feuerstein, Magistrate Judge A. Kathleen Tomlinson issued a Report and Recommendation recommending, inter alia, Plaintiff's constructive discharge claims be dismissed. (See Report and Recommendation, ECF No. 38 at 52 (concluding, because "[t]he [c]ourt has already

---

[2] The Court presumes the parties' familiarity with the factual and procedural background of the case and recites the facts only as necessary to adjudicate the pending motion.

found that Plaintiff has failed to state a claim for hostile work environment[,] [l]ogically then, Plaintiff has necessarily failed to state the more demanding claim for constructive discharge"). Notwithstanding Plaintiff's Objections (see ECF No. 44), Judge Feuerstein adopted Judge Tomlinson's Report and Recommendation to dismiss the constructive discharge claim (see ECF No. 48), thereby dismissing such claim from this action. The parties agree that Plaintiff's only remaining claim is for failure to accommodate during the 2017-2018 school year pursuant to the ADA and NYSHRL. (See Joint Pretrial Order, ECF No. 138 at 3-4.)

## ANALYSIS

I. The Parties' Arguments

Defendants request the Court preclude Plaintiff from seeking damages in the form of lost wages, benefits, and pension and introducing any evidence of such damages at trial (Requests One and Two). (Defs.' Support Memo at 7.) In support of such Requests, Defendants argue: (1) Plaintiff's claims for constructive discharge and hostile work environment have been dismissed, and therefore, Plaintiff "cannot seek to recoup lost wages or benefits or emotional distress for her voluntary choice to retire" (id. at 9); (2) "the only damages Plaintiff can seek to recover at trial are those proximately caused by the limited alleged failure to accommodate her" for 88.5 days (id.); (3) Plaintiff cannot seek job restatement because the Court has

already determined Plaintiff was not constructively discharged and instead voluntarily retired from her position (see id.); and (4) because Plaintiff cannot seek lost wages, benefits, and pension damages, the Court should preclude testimony and evidence concerning such damages so as not to confuse the jury (see id. at 11).

In opposition to Defendants' Motion, Plaintiff argues she is entitled to recover lost wages, benefits, pension, and emotional distress damages notwithstanding the Court's dismissal of Plaintiff's constructive discharge claim because: (1) "Plaintiff maintains a claim for failure to accommodate, which is an independent and plenary ground for relief under the ADA and New York Human Rights Law" (Pl.'s Opp'n at 6); (2) there is persuasive authority from the Northern District of New York indicating it is an open issue whether a plaintiff is entitled to seek "post-resignation backpay" in the absence of a claim for constructive discharge (id. at 7), see Bailey v. N.Y.S. Dep't of Corr. & Cmty. Supervision, No. 20-CV-155, 2023 WL 8530298, at *1 (N.D.N.Y. Dec. 8, 2023), appeal withdrawn No. 24-98, 2024 WL 1554873 (2d Cir. Feb. 27, 2024); and (3) Defendants seek a bright-line rule barring claims for backpay in the absence of a viable constructive discharge claim, which ignores case law that requires such determination to be made following a "fact-specific" inquiry (id.).

In their Reply, Defendants argue: (1) <u>Bailey</u> is distinguishable from the case at bar because the plaintiff in <u>Bailey</u> did not plead constructive discharge, nor was that claim dismissed (Reply at 6); (2) there is case law suggesting the "prevailing view of the appellate courts is that 'in order for an employee to recover back pay for lost wages beyond the date of his [employment], the evidence must establish that the employer constructively discharged the employee'" (<u>id.</u> at 7 (citing <u>Tse v. UBS Fin'l Serv., Inc.</u>, 568 F. Supp. 2d 274, 300 (S.D.N.Y. 2008) (further citations omitted)); and (3) Plaintiff failed to mitigate her damages (<u>id</u>. at 8-9).

II. <u>The Court's Decision</u>

Defendants' Requests One and Two require the Court to address a question unanswered thus far by the Second Circuit: Whether "a plaintiff who has been subjected to discriminatory conditions on the job, and thereafter . . . resigns her employment, may nevertheless receive post-employment economic damages." <u>Tse</u>, 568 F. Supp. 2d at 300. In the absence of Second Circuit guidance on this issue, following the "prevailing view of the appellate courts" and fellow district courts, and in light of the facts and circumstances presented in this case, the Court answers this question in the negative.[3]  <u>Id.</u>; <u>see also</u> <u>Townsend v.</u>

---

[3] Notwithstanding the Court's decision in the instant case, the Court declines to opine as to whether a blanket "constructive

Exch. Ins. Co., 196 F. Supp. 2d 300, 308 (W.D.N.Y. 2002) (collecting cases from the Fifth, Eighth, and Tenth Circuits which concluded "in order for an employee to recover back pay for lost wages beyond the date of his retirement or resignation, the evidence must establish that the employer constructively discharged the employee").

While Plaintiff argues she should be able to recover post-resignation back pay, including purported lost pension, because there is no rule "categorically barring post-resignation back pay in the absence of constructive discharge," (see Pl.'s Support Memo at 7) (relying upon persuasive authority in Bailey), the Court disagrees. See 2023 WL 8530298, at *1. The Bailey Court's decision permitting plaintiff to seek backpay damages is distinguishable for two reasons: first, the plaintiff in Bailey failed to plead constructive discharge and thus, there was no prior-issued court order barring such a claim and consequently, the damages that flow from such claim; and second, the Bailey Court ultimately decided plaintiff could recover backpay based upon defendants' failure to allege the affirmative defense of mitigation. Id. at *4.

The Court is mindful of the procedural posture of this case, which provides a unique set of facts for the Court to

---

discharge" rule should be adopted.  The Court's decision here is based solely upon the facts and circumstances of this case.

consider.  Indeed, courts in this Circuit have recognized "that 'the fact-specific nature of back pay determinations' may justify certain 'exceptions and distinctions' which are consistent with 'the general, well-established principle that an employee may not receive backpay damages where she could have mitigated her economic harm.'"  E.E.O.C. v. Bloomberg L.P., 29 F. Supp. 3d 334, 341 (S.D.N.Y. 2014) (citing Tse, 568 F. Supp. 2d at 302).  However, upon review of the most pertinent facts, including that Plaintiff's constructive discharge claim was thoroughly evaluated by two judges of this District, Judge Tomlinson and Judge Feuerstein, and in accordance with the well-established law-of-the-case doctrine, which militates against revisiting prior rulings absent "cogent and compelling reasons," the Court finds the facts here compel the conclusion that Plaintiff be prohibited from seeking lost wages, benefits, and pension damages at trial.  In re Peters, 642 F.3d 381, 386 (2d Cir. 2011) ("The law of the case doctrine, although not binding, 'counsels a court against revisiting its prior rulings in subsequent stages of the same case absent "cogent" and "compelling" reasons,' including, inter alia, 'the need to correct a clear error or prevent manifest injustice.'") (quoting Ali v. Mukasey, 529 F.3d 478, 490 (2d Cir. 2008)); see also D'Iorio v.

Winebow, Inc., 68 F. Supp. 3d 334, 359 (E.D.N.Y. 2014).[4] Plaintiff's Motion in Limine as to Request One is therefore GRANTED.

Moreover, in light of the Court's ruling precluding Plaintiff from seeking lost wages, benefits, and pension damages, the Court agrees with Defendants that any evidence of such damages shall not be submitted to the jury. See Hannah v. Wal-Mart Stores, Inc., No. 3:12-CV-01361, 2017 WL 690179, at *2 (D. Conn. Feb. 21, 2017), aff'd sub nom. Hannah v. Walmart Stores, Inc., 803 F. App'x 417 (2d Cir. 2020) ("Where claims have been dismissed on summary judgment, therefore, it is generally appropriate to preclude testimony or evidence regarding those same previously dismissed claims during a jury trial."). Therefore, Defendants' Motion in Limine as to Request Two is also GRANTED.

CONCLUSION

For the stated reasons, IT IS HEREBY ORDERED: Plaintiff's Motion in Limine as to Requests One and Two is GRANTED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March 28, 2025
       Central Islip, New York

---

[4] Because the Court concludes Plaintiff may not seek lost wages, benefits, and pension damages at trial, the Court declines to address the parties' arguments on mitigation.