```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
ROSARY BERTUZZI,

                Plaintiff,                    MEMORANDUM & ORDER
                                              17-CV-4256 (JS)(ARL)
     -against-

COPIAGUE UNION FREE SCHOOL
DISTRICT; BOARD OF EDUCATION OF
COPIAGUE UNION FREE SCHOOOL
DISTRICT; DR. KATHLEEN BANNON;
TODD ANDREWS; and MICHELLE
BUDION,

                Defendants.
---------------------------------X
APPEARANCES
For Plaintiff:         Jason A. Gilbert, Esq.
                       Alexander R. Gilbert, Esq.
                       Howard E. Gilbert, Esq.
                       Gilbert Law Group
                       425 Broadhollow Road, Suite 405
                       Melville, New York 11747

For Defendants:        Deanna L. Collins, Esq.
                       Caroline B. Lineen, Esq.
                       Karen C. Rudnicki, Esq.
                       Lewis R. Silverman, Esq.
                       Silverman & Associates
                       445 Hamilton Avenue, Suite 1102
                       White Plains, New York 10601
```

SEYBERT, District Judge:

On March 3, 2025, Defendants Copiague Union Free School District, Board of Education of Copiague Union Free School District, Dr. Kathleen Bannon, Todd Andrews, and Michele Budion (collectively, "Defendants") filed a Motion in Limine seeking eight separate forms of pre-trial relief. (Defs.' MIL, ECF No.

1

141; Defs.' Support Memo, ECF No. 143.)  On March 28, 2025, the Court issued a Memorandum and Order (ECF No. 152) addressing two of the eight requests.

Presently before the Court are Defendants' remaining six requests.  In particular, Defendants seek a Court order: (a) precluding evidence "relating to any request for a non-teaching assignment accommodation" ("Request Three"); (b) dismissing Defendant Michelle Budion, referred to in Plaintiff's Motion as "Ms. Passeggiata" ("Request Four"); (c) permitting the Court to determine the amount of lost wages, benefits, and pension Plaintiff is entitled to, if any ("Request Five"); (d) precluding Plaintiff from offering evidence of alleged disparate treatment and retaliation, because those claims have been dismissed ("Request Six"); (e) precluding Plaintiff's witnesses from testifying as experts due to Plaintiff's failure to make any expert disclosures ("Request Seven"); and (f) precluding Plaintiff's husband, John Bertuzzi, from testifying at trial as he "does not have personal, firsthand knowledge of the Plaintiff's and Defendant's discussions or interactions regarding her requests for accommodations and the District's response to such requests" ("Request Eight").  For the following reasons, Defendants' Requests are GRANTED in part and DENIED in part.

ANALYSIS

I.  Request Three

Defendants' Request Three asks the Court to preclude Plaintiff from introducing evidence at trial relating to "any request for a non-teaching assignment accommodation" because such request was not adequately plead in the operative Amended Complaint, and because providing Plaintiff with a non-teaching position would not permit her to perform the "essential functions" of her job as a teacher. (Defs.' Support Memo at 12-13.) Plaintiff argues, in response, that this evidence need not be precluded because: (1) Plaintiff alleged in her Amended Complaint that Defendants failed to engage in the interactive process, which would have required Defendants to explore non-teaching accommodations; and (2) there is ample evidence in the record indicating there were non-teaching roles that Plaintiff was able to perform and requested to perform. (Pl.'s Opp'n at 26-28 (referring to emails among the parties and Plaintiff's deposition testimony).)

The Amended Complaint alleges, inter alia, Defendants failed to reasonably accommodate Plaintiff under the Americans with Disabilities Act ("ADA") and New York State Human Rights Law ("NYSHRL"). (See generally, Am. Compl., ECF No. 26). The law is clear that "a reasonable accommodation may include reassignment to a vacant position." Tillman v. Verizon New York, Inc., 118 F. Supp. 3d 515, 538 (E.D.N.Y. 2015) (citing Thompson v. N.Y. City Dep't of

3

Prob., 348 F. App'x. 643, 645 (2d Cir. 2009) (further citations and quotation marks omitted). However, reassignment to such position is not required where it would "eliminate [an employee's] essential job functions." Medlin v. Rome Strip Steel Co., 294 F. Supp. 2d 279, 291 (N.D.N.Y. 2003). While the Court is skeptical whether Plaintiff can prove the existence of non-teaching positions which would not have eliminated her essential job functions as a classroom foreign language teacher, in the absence of a full record concerning the essential job functions of Plaintiff's role and the vacant positions which might have been available, the Court declines to preclude Plaintiff from putting forth any such proof at trial. Accordingly, Defendants' Motion in Limine as to Request Three is DENIED without prejudice to renew at trial, if appropriate.

   II.   Request Four

Defendants' Request Four asks the Court to dismiss Ms. Passeggiata (identified in the Amended Complaint and case caption as Michelle Budion) from this action because she did not have "anything to do with the determination of whether Plaintiff should be assigned a single classroom." (Defs.' Support Memo at 13.) This request is not a proper in limine motion because it does not seek to obtain an evidentiary ruling, but rather "constitutes an express substantive challenge to one of the issues set for trial." Taylor v. Rogich, No. CV 11-934, 2016 WL 11493799,

4

at *2 (E.D.N.Y. Apr. 26, 2016). Indeed, in limine motions are intended to "aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence." Id. (citing Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir. 1996)). "In limine motions are generally not the appropriate vehicle for effecting dismissal." Weiss v. La Suisse, Societe D'Assurances Sur La Vie, 293 F. Supp. 2d 397, 403 (S.D.N.Y. 2003). Accordingly, the Court declines to entertain Defendants' substantive argument as to a trial issue – that is, whether Ms. Passeggiata may be liable to Plaintiff under the ADA and/or NYSHRL. Plaintiff's Motion in Limine as to Request Four is therefore DENIED.

   III. Request Five

Defendants' Request Five asks the Court to determine the amount of damages, if any, Plaintiff is entitled to for lost wages, lost benefits, and lost pension. The Court has already determined Plaintiff is precluded from seeking such damages at trial. (See Memorandum and Order, ECF No. 152.) Accordingly, Defendants' Motion in limine as to Request Five is DENIED AS MOOT.

   IV. Request Six

Defendants' Request Six asks the Court to preclude Plaintiff "from offering evidence of her alleged disparate treatment and/or retaliation" claims which have been dismissed. (Defs.' Support Memo at 18-19.) In particular, Defendants request

5

the Court limit Plaintiff's ability to offer evidence concerning, inter alia, Plaintiff's classroom management and discipline, the number of special needs or "disciplinary problem" students assigned to her classroom, and Plaintiff's alleged fall at school prior to the 2017-2018 school year. (Id.) Defendants claim such evidence is irrelevant to the remaining failure to accommodate claim and, if admitted, would lead to jury confusion. (Id.)

Plaintiff agrees with Defendants that evidence "solely" related to disparate treatment and retaliation claims is irrelevant and therefore should not be introduced (see Pl.'s Opp'n at 22-23) ("Plaintiff does not contest defendants' position that evidence which is solely relevant to plaintiff's past claims for disparate treatment and/or retaliation is not relevant to plaintiff's failure to accommodate claim"). In particular, Plaintiff concedes that "class rosters, communications regarding classroom management and/or student discipline will be precluded as irrelevant." (Id.) Plaintiff argues, however, that other evidence, such as "Plaintiff's classroom assignments over the years, use of sick leave, and ability to perform the essential functions of her position with or without accommodation" should be permitted. (Id.)

In light of the parties' agreement regarding the inadmissibility of class rosters, communications regarding classroom management, and/or student discipline, Defendant's

6

Request Six is GRANTED insofar as it seeks preclusion of such evidence. Moreover, while the Court is not convinced at this juncture that the other categories of evidence discussed in Defendants' Request Six are relevant to the remaining claim at issue, the Court reserves decision regarding their admissibility. New Am. Mktg. FSI LLC v. MGA Ent., Inc., 187 F. Supp. 3d 476, 481 (S.D.N.Y. 2016) ("A court considering a motion in limine may reserve judgment until trial so that the motion is placed in the appropriate factual context."). Therefore, to the extent Request Six seeks to preclude evidence other than class rosters, communications regarding classroom management, and/or student discipline, such Request is DENIED. If any such evidence is introduced at trial, the party seeking to introduce such evidence bears the responsibility for substantiating its relevance and compliance with the Federal Rules of Evidence.

V. Request Seven

Defendants' Request Seven seeks to preclude three of Plaintiff's witnesses – Dr. Tzou, Dr. Milonas, and Dr. Mermelstein – from testifying as experts due to Plaintiff's failure to disclose them as experts in accordance with Federal Rule of Evidence 26(a)(2). (Defs.' Support Memo at 20). Plaintiff does not oppose or otherwise respond to this Request. (See Pl.'s Opp'n in toto). The Court therefore deems Plaintiff's Request Seven unopposed. Felske v. Hirschmann, No. 10-CV-8899, 2012 WL

7

716632, at *3 (S.D.N.Y. Mar. 1, 2012) ("Plaintiff effectively concedes a defendant's arguments by his failure to respond to them"); see also Williams v. Miracle Mile Properties 2 LLC, No.20-CV-3127, 2024 WL 3878826, at *5 (E.D.N.Y. June 21, 2024), report and recommendation adopted, 2022 WL 22866394 (E.D.N.Y. July 15, 2024) (collecting cases supporting same).

In light of Plaintiff's non-opposition to Defendants' Request Seven, and Plaintiff's failure to make any expert disclosures in accordance with Federal Rule of Civil Procedure ("Rule") 26, Plaintiff is precluded from offering expert testimony from the aforementioned witnesses at trial. See Franz v. New England Disposal Techs., Inc., No. 10-CV-201, 2011 WL 5443856, at *3 (W.D.N.Y. Nov. 9, 2011) ("[I]n order for doctor to testify concerning opinions not gleaned from his own diagnoses and treatment of the plaintiff, he must have been designated an expert witness and must have prepared the necessary expert report.") (citing Motta v. First Unum Life Ins. Co., No. 09-CV-3674, 2011 WL 4374544, at *4 (E.D.N.Y. Sept. 19, 2011)). Accordingly, Defendants' Motion in Limine as to Request Seven is GRANTED.

VI.   Request Eight

Defendants' Request Eight seeks an order of the Court precluding Plaintiff's husband, John Bertuzzi ("Mr. Bertuzzi"), from testifying as a fact witness in this case because he does not have "personal, first hand knowledge of the Plaintiff's and

8

Defendant's discussions or interactions regarding her requests for accommodations and the District's response to such requests." (Defs.' Support Memo at 20-21.)  Defendants further argue Mr. Bertuzzi should be precluded from testifying because Plaintiff never "identified or disclosed" him as a fact witness in accordance with Rules 26 and 27.  (Id. at 21.)  In opposition, Plaintiff argues Mr. Bertuzzi should be permitted to testify as to his lived experience with Plaintiff, including the pain and distress she experienced, how Defendants' failure to accommodate affected Plaintiff physically, mentally, and financially, and how he accommodates Plaintiff's disabilities in the home.  (Pl.'s Opp'n at 31-32.)  Plaintiff did not respond to Defendants' arguments regarding Plaintiff's failure to disclose Mr. Bertuzzi as a witness in accordance with Rules 26 and 37.

> Rule 37(c)(1) provides that any "party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial . . . any witness . . . not so disclosed." Fed. R. Civ. P. 37(c)(1).

Patterson v. Balsamico, 440 F.3d 104, 117 (2d Cir. 2006).  "An omission or delay in disclosure is harmless where there is 'an absence of prejudice' to the offended party."  Lujan v. Cabana Mgmt., Inc., 284 F.R.D. 50, 68 (E.D.N.Y. 2012).  Preclusion of a witness for failure to disclose is a "'harsh remedy' that 'should only be imposed in rare situations.'"  Id. (citing Izzo v. ING Life

9

Ins. & Annutity Co., 235 F.R.D. 177, 186 (E.D.N.Y. 2005)) (further citations omitted). Here, in the absence of any allegation of prejudice by Defendants, the Court, in its discretion, declines to prohibit Mr. Bertuzzi from testifying at trial pursuant to Rules 26 and 37. Moreover, the Court declines to preclude Mr. Bertuzzi from testifying based upon Plaintiff's description of Mr. Bertuzzi's expected testimony, which bears some relevance to the remaining claim to be tried. Accordingly, Defendants' Motion in Limine as to Request Eight is DENIED; however, Defendants may renew their evidentiary objections to Mr. Bertuzzi's testimony at trial, if appropriate.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED: Plaintiff's Motion in Limine as to:

   I.   Request Three is DENIED;

   II.  Request Four is DENIED;

   III. Request Five is DENIED;

   IV.  Request Six is GRANTED in part and DENIED in part;

   V.   Request Seven is GRANTED;

   VI.  Request Eight is DENIED; and

   VII. In accordance with this Order, Defendants may renew certain of their objections at trial.

IT IS FURTHER ORDERED, in accordance with the Court's Rulings on Defendants' Motion in Limine, including its prior Order granting Defendants' Request One and Two (see ECF No. 152), the Parties shall submit a revised Joint Proposed Verdict Sheet by no later than April 4, 2025.

SO ORDERED.

/s/ JOANNA SEYBERT  
Joanna Seybert, U.S.D.J.

Dated: April 2, 2025  
      Central Islip, New York